MINNIE WEINER, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendants.— In an action to recover damages for personal injury, arising out of a fall on an icy sidewalk, the defendant City of New York appeals from so much of a judgment of the Supreme Court, Kings County, entered April 2, 1964 after trial upon a jury's verdict, as awarded $25,000 in damages to the plaintiff against it. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Christ, Rabin and Benjamin, JJ., concur; Ughetta, Acting P. J., and Hill, J., dissent and vote to reverse the judgment, insofar as appealed from, and to dismiss the complaint, with the following memorandum: The plaintiff in this snow-and-ice case was 75 years old at the time of the accident. On the evening of December 22, 1960, the plaintiff and her daughter drove to a restaurant to have dinner and parked the car in a metered space directly in front of the restaurant. Plaintiff's daughter testified that when they left the car she noticed that along the curb there was an irregular belt of ice extending about three feet from the curb onto the sidewalk. In order to enter the restaurant, plaintiff left the car from the right-hand side and of necessity passed over this belt of ice, estimated to be six to eight inches in height. After dinner, plaintiff and her daughter left the restaurant; and, as the plaintiff attempted to enter the car, she slipped on the ice and sustained serious injuries. A meteorologist testified that a major snowstorm amounting to 17 inches had occurred on December 11 and 12, 1960; that 0.4 inches of snow and rain had fallen on December 16; 1.3 inches of snow on December 19; and that on December 21, the day before the accident, the temperature reached 46 degrees, was above freezing for 19 hours, and that a heavy rainfall occurred on that day. There is no question that the sidewalk was clear of snow and ice, except for a few patches and the irregular three-foot strip of ice adjacent to the curb. An employee of the Sanitation Department testified that snow in the area had been thrown into the street sewers and also into the street to be dissipated by the traffic. The instant case bears considerable resemblance to *Borkowski* v. *City of New York* (276 App. Div. 770, affd. 301 N. Y. 770). There, a snowfall of approximately five and one-half inches had fallen on January 16, 1945; thereafter the weather had been continuously cold and more snow had fallen. Snowplows of the city had created a mound of snow at the curb and snow and ice had formed extending in from the curb onto the sidewalk for about two feet. The remaining 8 feet of the 10-foot sidewalk was clean as were the crosswalks at either end of the street. Plaintiff left her home, which was in the middle of the block, on January 31, 1945. She intended to visit a friend who lived directly across the street. She crossed the street in front of her home by climbing on a mound of snow and ice. In the process of returning, she fell on the mound in the front of her home. There was further evidence that prior to the accident she knew of the condition with respect to the accumulations of ice and snow. This court affirmed a dismissal of the complaint, stating: " The fact that the [plaintiff] was injured in climbing over the mound of snow and ice does not prove, or tend to prove, that the defendant municipality was guilty of wrongdoing or breach of duty under the circumstances of this case, where it appears that the remainder of the sidewalks and the crosswalks were cleared of snow." The Court of Appeals unanimously affirmed. In our opinion, it is unreasonable to expect sidewalks to be kept entirely free from snow and ice in this climate during the Winter (cf. *Hallock* v. *Ballachey*, 284 N. Y. 648, 649). There is no

evidence in this record of affirmative negligence on the part of the city. All but approximately three feet of this wide sidewalk was clear and free from snow and ice. What amounts to due care depends upon the circumstances of each case and the presence of some snow and ice is to be expected in the Winter, especially after a snowfall of the dimension involved in this case (cf. *Schwabl* v. *St. Augustine's Church*, 288 N. Y. 554, 555). In addition, we think that here the conduct of the 75-year-old plaintiff, who must have known of the icy condition from her prior passage over it, in attempting to recross it without assistance from her daughter, amounted to contributory negligence as a matter of law.